Alexander Chen [SBN 245798]
William Walz [SBN 136995]
Theodore Lee [SBN 281475]
**INHOUSE CO. LAW FIRM**
7700 Irvine Center Dr., Suite 800
Irvine, California 92618
Telephone: (714) 932-6659
Facsimile: (714) 882-7770

Attorneys for Plaintiff,
Eagle Eyes Traffic Industry USA Holding LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| **EAGLE EYES TRAFFIC INDUSTRY USA HOLDING,** a Nevada Limited Liability Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> **DNA MOTOR Inc., a California Corporation,** <br><br> Defendant. | Case No.: <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

//

//

//

*COMPLAINT*            - 1 -

Plaintiff Eagle Eyes Traffic Industry USA Holding LLC ("Eagle Eyes") presents the following allegations and facts in support of this Complaint and demands a jury trial on all causes of action stated herein against the named Defendant as follows:

**JURISDICTION AND VENUE**

1. This is a civil action for infringement of a patent, arising under the laws of the United States relating to patents, , including, without limitation, 35 U.S.C. § 101, et seq., 35 U.S.C. § 271 and § 281. Plaintiffs seek preliminary and permanent injunctions and monetary damages for patent infringement.

2. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a) and pursuant to the patent laws of the United States of America, 35 U.S.C. § 101, et seq.

3. Venue properly lies within the Central District of California pursuant to 28 U.S.C. sections 1391(b) and (c); 28 U.S.C. section 1400(a); and 18 U.S.C. section 1965. On information and belief, Defendant conducts substantial business directly and through third parties or agents in this judicial district by selling and offering to sell the infringing products and by conducting other business in this judicial district. Furthermore, Plaintiffs have been harmed by Defendant's conduct, business transactions and sales in this district.

4. This Court has personal jurisdiction over Defendant because, on information and belief, Defendant transacts continuous and systematic business within the State of California and the Central District of California. In addition, this Court has personal jurisdiction over the Defendant because, on information and belief, this lawsuit arises out of Defendant's infringing activities, including, without limitation, the making, using, selling and/or offering to sell infringing products in the State of California and the Central District of California. Finally, this Court has personal jurisdiction over Defendant because, on information and belief, Defendant has made, used, sold and/or offered for sale its infringing products and placed such infringing products in the stream of interstate commerce with the expectation that such infringing products would be made, used, sold and/or offered for sale within the State of California and the Central District of California.

5.      Upon information and belief, certain of the products manufactured by or for Defendant have been and/or are currently sold and/or offered for sale to consumers including, but not limited to, consumers located within the State of California at, among other places, Amazon.Com's website located at http://www.amazon.com and Ebay.com's website located at https://www.ebay.com.

## PARTIES

6.      Plaintiff Eagle Eyes Traffic is a Nevada limited liability company having its principal place of business at 7260 West Azure Drive, Suite 140, Las Vegas Nevada 89130.

7.      Defendant DNA Motor, Inc. is a corporation registered and existing under the laws of the State of California, with an office and principal place of business located at 801 Sentous Avenue, City of Industry, California 91748.

## THE ACCUSED PRODUCTS

8.      The Defendant's accused products for purposes of the asserted patents include the Defendant's projection headlights incorporating the patented designs. (the Patented Design.)

9.      Defendant provides informational materials that shows their use of the Patented Design in its headlights on its distributor website located at http://www.speed-daddy.com.

10.     Plaintiff believes and thereupon alleges that Defendant is aware that its customers and end-users are using the accused products in an infringing manner based on comments and discussions posted on its website and other public websites where Defendant's authorized agents, customers and end-users discuss and disclose the use of the accused products.

## THE ASSERTED PATENTS

11.     On September 3, 2013, the United States Patent and Trademark office, duly and legally issued United States Design Patent No. D689,223, entitled "Exterior Surface Configuration of a Vehicular Headlight" ("the '223 Patent"). The patent's named inventor is Lai Ching-Tsung, and Plaintiff Eagle Eyes is assignee and owner of the entire right, title, and interest in and to the '223 patent and vested with the right to bring this suit for damages and other relief. A true and correct copy of the '223 Patent is attached hereto as Exhibit "A".

12. On September 17, 2013, the United States Patent and Trademark office, duly and legally issued United States Design Patent No. D690,040, entitled "Exterior Surface Configuration of a Vehicular Headlight" ("the '040 patent"). The patent's named inventor is Ching-Tsung Lai, and Plaintiff Eagle Eyes is assignee and owner of the entire right, title, and interest in and to the '040 Patent and vested with the right to bring this suit for damages and other relief. A true and correct copy of the '040 Patent is attached hereto as Exhibit "B".

13. On September 17, 2013, the United States Patent and Trademark office, duly and legally issued United States Design Patent No. D706,967, entitled "Light Guide Bar For Vehicle Lamp" ("the '967 patent"). The patent's named inventor is Ching-Tsung Lai, and Plaintiff Eagle Eyes is assignee and owner of the entire right, title, and interest in and to the '967 Patent and vested with the right to bring this suit for damages and other relief. A true and correct copy of the '967 Patent is attached hereto as Exhibit "C".

## COUNT ONE

### INFRINGEMENT OF THE '223 PATENT BY DEFENDANT

14. Plaintiff re-alleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 13 above.

15. Design Patent '223 has one single claim directed to the ornamental design for an exterior surface configuration of a vehicular headlight as shown below:





FIG.3    FIG.4

16. Defendant has knowledge of infringement of the '223 Patent since at least the filing of this complaint.

17. Defendant DNA Motor Inc. copied the design of the F-150 3D Halo Projector Headlights from the headlight design of the '223 Patent. A side-by-side comparison of the '223 patented design and an exemplary specimen of Defendant DNA Motor Inc.'s 3D Halo Projector Headlight is shown below, the photograph of the exemplary Defendant DNA Motor Inc. headlight being taken from its Amazon product listing:



| D689,223 | DNA Motor Inc. |
|---|---|

18. As shown in the pictures, the headlight design of the F-150 3D Halo Projector Headlights is the same or substantially the same as the headlight design of the '223 Patent. The headlight designs are so similar as to be nearly identical such that an ordinary observer, giving such attention as a

purchaser usually gives, would be so deceived by the substantial similarity between the designs so as to be induced to purchase Defendant DNA Motor Inc.'s products believing them to be substantially the same as the headlight design protected by the '223 Patent.

19. Plaintiff has not granted a license or any other authorization to Defendant DNA Motor Inc. to make use, offer for sale, sell or import headlights that embody the headlight design patented in the '223 Patent and which is proprietary to Plaintiff.

20. Plaintiff alleges upon information and belief that, without authority, Defendant has infringed and continues to infringe the '223 Patent by, *inter alia*, making, using, offering to sell, or selling in the United States, including in the State of California and within this District, products infringing the ornamental design covered by the '223 Patent in violation of 35 U.S.C. § 271, including but not limited to Defendant DNA Motor Inc.'s 3D Halo Projector headlights for the Ford F-150 pickup truck.

21. Defendant DNA Motor Inc.'s headlight design infringes the '223 Patent because, *inter alia*, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the headlight design of the '223 Patent and the headlight designs of Defendant DNA Motor Inc.'s products, including without limitation, the headlight designs of the Ford F-150 3D Halo Projector products are substantially the same, the resemblance being such as to deceive such an ordinary observer, inducing him to purchase one supposing it to be the other.

22. Defendant DNA Motor Inc.'s acts of infringement of the '223 Patent were undertaken without authority, permission or license from Plaintiff.  Defendant DNA Motor Inc.'s infringing activities described herein violate 35 U.S.C. § 271.

23. Plaintiff is informed and believes that Defendant intentionally sells, ships or otherwise delivers the accused products in the United States, with knowledge that are designed to and do practice the infringing features of the '223 Patent.

24. Plaintiff is without an adequate remedy at law and has thus been irreparably harmed by these acts of infringement. Plaintiff asserts upon information and belief that infringement of the asserted claims of the '223 Patent is continuous and ongoing unless and until Defendant is enjoined from further infringement by the Court.

## COUNT TWO

## INFRINGEMENT OF THE '040 PATENT BY DEFENDANT

25. Plaintiff re-alleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 24 above.

26. Defendant has knowledge of infringement of the '040 Patent since at least the filing of this complaint.

27. Design Patent '040 has one single claim directed to the ornamental design for an exterior surface configuration of a vehicular headlight as shown below:





28. Defendant DNA Motor Inc. copied the design for its GMC Sierra U-Bar Halo Projector Headlights from the headlight design of the '040 Patent. A side-by-side comparison of the '040 Patented design and an exemplary specimen of Defendant DNA Motor Inc.'s U-Bar Halo Projector Headlight is shown below, with the photograph of the exemplary Defendant DNA Motor Inc. headlight being taken from its Amazon product listing:

| D690,040 | DNA Motor Inc. |
|---|---|



29. As depicted above, the headlight design of the Defendant's GMC Sierra U-Bar Halo Projector Headlight is the same or substantially the same as the headlight design of the Plaintiff's '040 Patent. The headlight designs are so similar as to be nearly identical such that an ordinary observer, giving such attention as a purchaser usually gives, would be so deceived by the substantial similarity between the designs so as to be induced to purchase Defendant DNA Motor Inc.'s products believing them to be substantially the same as the headlight design protected by the '040 Patent.

30. Plaintiff has not granted a license or any other authorization to Defendant DNA Motor Inc. to make use, offer for sale, sell or import headlights that embody the headlight design patented in the '040 Patent and which is proprietary to Plaintiff.

31. Plaintiff alleges upon information and belief that, without authority, Defendant has infringed and continues to infringe the '040 patent by, *inter alia*, making, using, offering to sell, or selling in the United States, including in the State of California and within this District, products infringing the ornamental design covered by the '040 patent in violation of 35 U.S.C. § 271, including but not limited to Defendant DNA Motor Inc.'s GMC Sierra U-Bar Halo Projector headlights.

32. Defendant DNA Motor Inc. infringes the '040 patent because, *inter alia*, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the headlight design of the '040 patent and the headlight designs of Defendant DNA Motor Inc.'s products including without limitation the headlight designs of the GMC Sierra U-Bar Halo Projector products are substantially the same, the resemblance being such as to deceive such an ordinary observer, inducing him to purchase one supposing it to be the other.

33. Defendant DNA Motor Inc.'s acts of infringement of the '040 patent were undertaken without authority, permission or license from Plaintiff. Defendant DNA Motor Inc.'s infringing activities violate 35 U.S.C. § 271.

34. Plaintiff is informed and believes that Defendant intentionally sells, ships or otherwise delivers the accused products in the United States, with knowledge that are designed to and do practice the infringing features of the '040 Patent.

35. Plaintiff is without an adequate remedy at law and has thus been irreparably harmed by these acts of infringement. Plaintiff asserts upon information and belief that infringement of the asserted claims of the '040 Patent is continuous and ongoing unless and until Defendant is enjoined from further infringement by the Court.

## COUNT THREE

## INFRINGEMENT OF THE '967 PATENT BY DEFENDANT

36. Plaintiff re-alleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 35 above.

37. Defendant has knowledge of infringement of the '967 Patent since at least the filing of this complaint.

38. Design Patent '967 has one single claim directed to the ornamental design for a light guide bar for a vehicle lamp as shown below:



FIG.1  FIG.2  FIG.3



39. Defendant DNA Motor Inc. copied the design of the U-Bar Light Guide Bar from the design of the '967 Patent. A side-by-side comparison of the '967 patented design and an exemplary specimen of Defendant DNA Motor Inc.'s U-Bar Light Guide Bar is shown below, the photograph of the exemplary Defendant DNA Motor Inc. headlight being taken from its Amazon product listing:



40. As shown in the pictures, the Light Guide Bar of Defendant is the same or substantially the same as the design of the '967 patent. The Light Guide Bar designs are so similar as to be nearly identical such that an ordinary observer, giving such attention as a purchaser usually gives, would be so deceived by the substantial similarity between the designs so as to be induced to purchase Defendant DNA Motor Inc.'s products believing them to be substantially the same as the Light Guide Bar protected by the '967 Patent.

41. Plaintiff has not granted a license or any other authorization to Defendant DNA Motor Inc. to make use of, offer for sale, sell or import headlights that embody the Light Guide Bar design patented in the '967 Patent and which is proprietary to Plaintiff.

42. Plaintiff alleges upon information and belief that, without authority, Defendant has infringed and continues to infringe the '967 patent by, *inter alia*, making, using, offering to sell, or selling in the United States, including in the State of California and within this District, products infringing the ornamental design covered by the '967 Patent in violation of 35 U.S.C. § 271, including but not limited to Defendant DNA Motor Inc.'s Light Guide Bar incorporated in its F-150 3D Halo Projector Headlights.

43. Defendant DNA Motor Inc. infringes the '967 Patent because, *inter alia*, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the headlight design of the '967 Patent and the headlight designs of Defendant DNA Motor Inc.'s products including without limitation the headlight designs of the GMC Sierra U-Bar Halo Projector products are substantially the same, the resemblance being such as to deceive such an ordinary observer, inducing him to purchase one supposing it to be the other

44. Defendant DNA Motor Inc.'s acts of infringement of the '967 Patent were undertaken without authority, permission or license from Plaintiff. Defendant DNA Motor Inc.'s infringing activities violate 35 U.S.C. § 271.

45. Plaintiff is informed and believes that Defendant intentionally sells, ships or otherwise delivers the accused products in the United States, which products which imitate and in fact infringe upon the features of the '967 Patent.

46. Plaintiff is without an adequate remedy at law and has thus been irreparably harmed by these acts of infringement. Plaintiff asserts upon information and belief that infringement of the asserted claims of the '967 Patent is continuous and ongoing, and will continue to harm Plaintiff unless and until Defendant is enjoined from further infringement by the Court.

//
//
//
//

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff pray for relief and judgment as follows:

1. The determination that Defendant has infringed the Patents-in-Suit;

2. That Defendant, Defendant's officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, be preliminarily and permanently enjoined from infringement of the Patents-in-Suit, including but not limited to any making, using, offering for sale, selling, or importing of unlicensed infringing products within and without the United States;

3. Compensation for all damages caused by Defendant's infringement of the Patents-in-Suit to be determined at trial;

4. A finding that this case is exceptional and an award of reasonable attorney's fees pursuant to 35 U.S.C. § 285;

5. Granting Plaintiff's pre-and post-judgment interest on its damages, together with all costs and expenses; and,

6. Granting Plaintiff such other and further relief as the Court may deem just and proper.

**DATED:** September 12, 2017  **INHOUSE CO. LAW FIRM**

By: _____
Alexander Chen, Esq.
William Walz, Esq.
Theodore Lee, Esq.
Attorneys for Plaintiff
Eagle Eyes Traffic Industry USA Holding LLC

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims.

**DATED:** August 27, 2017                                       **INHOUSE CO. LAW FIRM**

By: _____
Alexander Chen, Esq.
William Walz, Esq.
Theodore Lee, Esq.
Attorneys for Plaintiff
Eagle Eyes Traffic Industry USA Holding LLC